```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

IN RE: ELIZABETH JULIA PAWLAK    :
_____
                                 :
ELIZABETH JULIA PAWLAK
        Appellant                :

   v.                            :  Civil Action No. DKC 14-2326

                                 :
UNITED STATES DEPARTMENT OF
EDUCATION                        :
        Appellee
                                 :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this bankruptcy appeal are two motions: (1) motion to dismiss filed by Appellee United States Department of Education ("DOE" or "Appellee") (ECF No. 6); and (2) motion for leave to file a surreply filed by Appellant Elizabeth J. Pawlak ("Ms. Pawlak" or "Appellant") (ECF No. 17). The relevant issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, Appellee's motion to dismiss will be granted, and Appellant's motion for leave to file a surreply will be denied.

I.  **Background**

Ms. Pawlak appeals two orders of the bankruptcy court concerning a discovery dispute in an adversary proceeding regarding dischargeability of a student loan. In the fall of

1990, Elizabeth J. Pawlak obtained a federally insured student loan under the Higher Education Act to pay for her to attend Georgetown University Law Center ("GULC"), where she studied from 1989 to 1992.  (ECF No. 1-42, at 3).  Ms. Pawlak graduated from GULC with a Juris Doctor degree in 1992.  (*Id.*).  She defaulted on her student loan six months after graduation due to a series of events that she characterizes as "the Pennsylvania bar admission ordeal."[1]  (*Id.*).

On June 29, 1995, Ms. Pawlak filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the District of Maryland.[2]  On March 26, 1997, the Bankruptcy Court issued a general discharge order pursuant to Chapter 7 of the Bankruptcy Code, discharging all of Ms. Pawlak's debts, except for those found to be non-dischargeable, such as her student

---

[1] Ms. Pawlak asserts that the Pennsylvania Board of Bar Examiners did not allow her to sit for the Pennsylvania Bar after she refused to submit medical records for the Board's review.  (ECF No. 1-42, at 7).  Ms. Pawlak states that her dealings with the Board deteriorated from this initial refusal and that other state bars refused to allow her to sit for their exams due to her hostile interactions with the Board.  (*Id.*). She believes that the ordeal ruined her reputation and made her unemployable, thereby leading to the exhaustion of her financial resources and eventual bankruptcy.  (*Id.* at 8).

[2] The case was converted from Chapter 13 to Chapter 11 bankruptcy in June 1996, and from Chapter 11 to Chapter 7 bankruptcy in September 1996.

debt.³  Ms. Pawlak states that neither the DOE nor its agents tried to collect on the student loan until early 2013, when the DOE intercepted her 2012 tax refunds.

On October 25, 2013, Ms. Pawlak filed an adversary proceeding in the United States Bankruptcy Court for the District of Maryland seeking to set aside her student loan debt for the time she attended GULC.  *See Pawlak v. Pennsylvania Higher Education Assistance Agency et al.*, Adversary Case No. 13-00650 (D.Md. Bankr.); (*see also* ECF No. 1-42).  In the complaint filed in the adversary proceeding, she states that "[f]or over 20 years, neither the U.S. Department of Education nor its agents made any attempt to collect on the loan *until it had the Plaintiff's 2012 tax refunds intercepted in early 2013*." (ECF No. 1-42, at 3) (emphasis added).  Ms. Pawlak represents that having to repay the student debt constitutes an "undue hardship" under 11 U.S.C. § 523.  (*Id.* at 5).  During discovery, the DOE served Ms. Pawlak with various interrogatories and document production requests seeking information about her current financial circumstances and her recent employment history.  (ECF No. 6-1, at 3).  Ms. Pawlak did not respond to

---

³ Under 11 U.S.C. § 523(a)(8), student loan debts are ordinarily non-dischargeable, absent a showing of undue hardship.  *See In re Spence*, 541 F.3d 538, 543 (4th Cir. 2008) ("Government-guaranteed student loan debt is ordinarily not dischargeable in bankruptcy unless the debtor . . . would suffer an undue hardship if repayment is required.").

these discovery requests. Instead, on February 20, 2014, she filed a motion seeking a protective order for information relating to her current financial status. (ECF No. 1-40). Ms. Pawlak argued that because the adversary proceeding required the bankruptcy court to determine the dischargeability of her student loans in relation to her 1995 bankruptcy case, her current financial and employment status is outside the temporal scope of her adversary proceeding. (*Id.* at 7).

On February 28, 2014, Appellee filed a motion to compel responses to discovery and opposed Ms. Pawlak's motion for protective order. (*See* ECF No. 1-31). Appellee argued that its requests for Ms. Pawlak's current financial information relate directly to the standard that the bankruptcy court must apply when determining whether Appellant has met the "undue hardship" requirement for discharge of a student loan under 11 U.S.C. § 523(a)(8). Appellant opposed the motion, arguing that her claim for undue hardship should be measured by her financial circumstances as they existed during the administration of her 1995 bankruptcy case rather than by her current financial circumstances. (ECF No. 1-30). The docket of the adversary proceeding reflects that on March 31, 2014, United States Bankruptcy Judge Wendelin I. Lipp held a hearing concerning to

Appellant's motion for a protective order and Appellee's motion to compel.[4]  (*See* ECF No. 1-43, at 6).

On April 1, 2014, Judge Lipp issued an order granting Appellee's motion to compel and denying Ms. Pawlak's motion for protective order, concluding that "[Appellee] has set forth sufficient cause to grant the relief requested and that [Appellant's] motion is not well-taken." (ECF No. 1-28).  Judge Lipp ordered Appellant to "answer in full all of [Appellee's] interrogatories and requests for production of documents,

---

[4] Appellant did not designate a transcript of the March 31, 2014 hearing as part of the record on appeal.  It is Appellant's responsibility to provide all the necessary materials from the record to be considered.  Fed.R.Bank.P. 8006.  If the record includes a transcript of any proceeding, the Appellant shall "deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost."  (*Id*.).

Here, Appellant included in her designation of the record Appellee's motion to compel discovery, Appellant's opposition, Appellee's reply, and the order setting out the ruling. Appellant also included the bankruptcy court's denial of her motion for a written decision regarding the court's April 1, 2014 order.  (ECF No. 1-26).  In this order, Judge Lipp notified Appellant that although no written decision would be issued, she may request a transcript of the hearing.  (*Id*. at 1).  Appellant nevertheless failed to order the transcript or provide one here. "Fed.R.Bankr.P. 8006 implies[, however,] that the designation of a transcript is not required."  *Coley v. Draper*, Civ. No. WDQ-12-2020, 2012 WL 5267436, at *3 (D.Md. Oct. 23, 2012).  It is worth noting that in her notice of appeal, Appellant states that the issues on appeal also encompass all "oral decisions made during the hearing on March 31, 2014."  (ECF No. 1, at 1). Because Appellant did not designate a transcript of the hearing, any oral rulings issued at the March 31, 2014 hearing cannot be reviewed.

5

including but not limited to those which seek information from 1986 to the present time." (*Id.* at 2).

Appellant did not comply with the order, and Appellee filed a motion to compel and/or for sanctions on April 22, 2014. (ECF No. 1-24). Judge Lipp issued an order granting this second motion to compel on May 12, 2014, (ECF No. 1-17), again ordering Appellant to answer in full all of DOE's discovery requests within fourteen (14) days or Appellant would be "subject to more severe sanctions under Fed.R.Civ.P. 37, up to and including dismissal of [the] action or the entry of default judgment in favor of [Appellee]." (*Id.* at 2).

On May 22, 2014, Appellant filed a request for certification for direct interlocutory appeal to the United States Court of Appeals for the Fourth Circuit regarding the May 12, 2014 order of the bankruptcy court granting Appellee's second motion to compel and/or for sanctions. (ECF No. 1-43, at 8). She sought to appeal directly to the Fourth Circuit the bankruptcy court's order requiring Ms. Pawlak to answer in full all of the interrogatories and requests for production of documents. Judge Lipp denied the request on June 26, 2014. (ECF No. 1-5). Plaintiff moved for reconsideration of this certification denial, which Judge Lipp also denied. (ECF No. 1-3).

6

On July 22, 2014, Appellant appealed to this court the May 12, 2014 order.[5]  (ECF No. 1).  On August 14, 2014, Appellee moved to dismiss the appeal.[6]  (ECF No. 6).  Appellant opposed the motion on September 12, 2014, (ECF No. 14), and Appellee replied on September 15, 2014 (ECF No. 16).  On September 18, 2014, Appellant moved for leave to file a surreply and included with her submission a proposed surreply.  (ECF No. 17).

**II. Analysis**

Appellee argues that this court lacks jurisdiction over the appeal because Appellant failed to seek this court's leave to file an appeal as required by 28 U.S.C. § 158(a)(3).  (ECF No. 6-1, at 7).  In the alternative, Appellee argues that if the court construes Appellant's notice of appeal as a request for

---

[5] The notice of appeal also purports to encompass all other "orders and rulings adverse to Appellant that were incorporated into, merged into, relied upon, or [related] to the Order, including all oral decisions made during the hearing on March 31, 2014."  (ECF No. 1).  This catch-all provision, however, will be construed as only incorporating Judge Lipp's April 1, 2014 order granting Appellee's first motion to compel, as the April order is substantially similar to the May 12, 2014 order and is therefore likely "relied upon" by the May order.  A notice of appeal must be specific in identifying the scope of the appeal.  Appellant's notice of appeal only specifically mentions the May 12, 2014 order, but is otherwise overly broad. (ECF No. 1).

[6] In its motion to dismiss, Appellee also briefs Ms. Pawlak's appeal of Judge Lipp's denial of her request for certification of an interlocutory appeal directly to the Fourth Circuit.  (ECF No. 6-1, at 5).  This appeal is noticed in a separate civil action and will be addressed by separate memorandum opinion.  *See Pawlak v. United States Department of Education*, 14-2839-DKC (D.Md.).

leave under Fed.R.Bank.P. 8003(c), this court still lacks jurisdiction because the appeal does not present "exceptional circumstances" required for the exercise of appellate jurisdiction over interlocutory orders. (*Id.* at 8).

The jurisdiction of a district court to hear appeals from bankruptcy courts is conferred by 28 U.S.C. § 158(a), which provides in relevant part:

> (a) The district courts of the United States shall have jurisdiction to hear appeals:
>
> (1) from final judgments, orders, and decrees;
>
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>
> (3) with leave of the court, from other interlocutory orders and decrees[.]

28 U.S.C. § 158(a). Ms. Pawlak concedes that the May 12, 2014 and April 1, 2014 orders issued by Judge Lipp compelling her to respond to Appellee's discovery requests are interlocutory in nature. (ECF No. 14, at 3). Consequently, Appellant can appeal from these orders only upon obtaining leave of the court or, if the court construes the notice of appeal as requests for leave, by demonstrating "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Minh Vu*

*Hoang*, No. DKC 11-3431, 2011 WL 6296839, at *2 (D.Md. Dec. 14, 2011), *aff'd*, 473 F.App'x 263 (4th Cir. 2012) (*quoting Coopers & Lybrand v. Livesay,* 437 U.S. 463 (1978)).

### A. Timely Notice of Appeal

By statute, any interlocutory appeal may lie only upon obtaining leave of the court. *See* 28 U.S.C. § 158(a); *see also In re Rood*, No. 10-2651, 2010 WL 4923336 (D.Md. Nov. 29, 2010). A timely filed notice of appeal, however, may be deemed a motion for leave to appeal pursuant to Fed.R.Bankr.P. 8003(c). Appellant has not formally requested leave to appeal in this case, but her timely-filed notice of appeal will be deemed a motion for leave to file an interlocutory appeal. *See In re Minh Vu Hoang*, 2011 WL 6296839, at *1; *In re Rood*, 2010 WL 4923336, at *4.

### B. Exceptional Circumstances

*KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74 (E.D.Va. 2000) set forth the relevant standard for considering a motion for leave to appeal from an interlocutory order of the bankruptcy court:

> In seeking leave to appeal an interlocutory order or decision [of a bankruptcy court], the appellant must demonstrate "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463 (1978) (*citing Fisons, Ltd. v. United States*, 458

9

>F.2d 1241, 1248 (7th Cir. 1972)). When deciding whether to grant leave to appeal an interlocutory order or decree of a bankruptcy court, the district court may employ an analysis similar to that applied when certifying interlocutory review by the circuit court of appeals under 28 U.S.C. § 1292(b). *Atlantic Textile Group, Inc. v. Neal*, 191 B.R. 652, 653 (E.D.Va. 1996) (citations omitted). Under this analysis, leave to file an interlocutory appeal should be granted only when 1) the order involves a controlling question of law, 2) as to which there is substantial ground for a difference of opinion, and 3) immediate appeal would materially advance the termination of the litigation.

*Id.* at 78 (internal quotations omitted); accord *In re Minh Vu Hoang*, 2011 WL 6296839, at *2; *In re Rood*, 2010 WL 4923336, at *4. All three elements must be met for leave to be granted. *See In re Air Cargo, Inc.*, No. CCB-080587, 2008 WL 2415039, at *3 (D.Md. June 11, 2008); *KPMG Peat Marwick*, 250 B.R. at 79.

   **1.   Controlling Questions of Law**

Appellee argues that the orders compelling discovery simply require Ms. Pawlak to produce more discovery information and are not dispositive of the case. (ECF No. 6-1, at 9). Appellee argues that Judge Lipp's decisions to grant the initial and subsequent motions to compel are fact-intensive and discretionary, and do not implicate controlling questions of law. In the opposition, Appellant counters that "this interlocutory appeal seeks to address the following issues of first impression":

> (a) Whether the court's undue hardship inquiry (and, hence, a discovery dispute) is restricted to and should be measured on the debtor's circumstances as they existed during the administration of the bankruptcy case . . . or whether post-discharge/post-closing circumstances also should be considered . . .
>
> (b) What are the starting and ending points of the time frame on which the determination of undue hardship should be made[; and]
>
> (c) Whether the dischargeability proceedings pursuant to 11 U.S.C. § 523(a)(8) are governed by the law as it stood at the time that the main Chapter 7 bankruptcy case was filed or by [ ] post-October 7, 1998 law?

(ECF No. 14, at 4). She further asserts that "the issue of the time-frame on which determination of undue hardship should be made is a controlling question of law." (*Id.* at 5).

"An order involves a controlling question of law when reversal of the bankruptcy court's order would be dispositive of the case as either a legal or practical matter and determination of the issue on appeal will materially affect the outcome." *In re Minh Vu Hoang*, 2011 WL 6296839, at *2; *accord In re Rood*, 2010 WL 4923336 at *4. A controlling question of law is "a narrow, dispositive question of pure law." *KPMG*, 250 B.R. at 79. Factual determinations and appeals presenting a question of law and fact are not appropriate for interlocutory review. *See In re ASC, Inc.*, 386 B.R. 187, 196 (E.D.Mich. 2008).

Judge Lipp's orders granting Appellee's motion to compel production of documents is not dispositive of the case; it merely resolves a discovery dispute as to the time-frame for which documents must be produced. Indeed, "[q]uestions that arise during the course of a bankruptcy proceeding concerning the appropriate scope of discovery and that do not involve controlling questions of law are left to the sound discretion of the court that is fully familiar with the entire proceeding — the bankruptcy judge." *See In re Towers Fin. Corp.*, 164 B.R. 719, 721 (S.D.N.Y. 1994); *accord In re Royce Homes LP*, 466 B.R. 81, 94 (S.D.Tex. 2012). The three issues that Ms. Pawlak has identified as ones of "first impression" which she seeks to resolve through the instant appeal are beyond the scope of what Judge Lipp decided and thus outside the scope of review. Ms. Pawlak essentially seeks a determination from this court regarding whether her current financials – or her financials at the time of the bankruptcy discharge in 1995 – control the "undue hardship" analysis. As Appellee points out, however, Judge Lipp did not actually reach the question of which time frame controls. Reversal of Judge Lipp's two orders compelling discovery would simply narrow the time frame for which Ms. Pawlak must produce responsive documents, not decide the adversary proceeding as a matter of law.

Furthermore, when a district court hears an appeal from a bankruptcy court order under 28 U.S.C. § 158, the court should "employ an analysis similar to that applied when certifying interlocutory review by the circuit court of appeals under 28 U.S.C. § 1292(b)." *KPMG Peat Marwick*, 250 B.R. at 78. The Fourth Circuit has previously stated that the rule against review of interlocutory orders applies with particular force in the discovery context, as allowing immediate appeal of orders resolving discovery disputes would only disrupt court proceedings and clog the appellate courts with matters more properly managed by the court familiar with the parties and their controversy. *See MDK, Inc. v. Mike's Train House, Inc.*, 27 F.3d 116, 119 (4th Cir. 1994); *see generally Murphy v. Inmate Systems*, 112 F.App'x 882, 883 (4th Cir. 2004) (dismissing for lack of jurisdiction an appeal of the district court's denial of a discovery motion). Other district courts have also held that an order granting or denying discovery is ordinarily a non-appealable interlocutory order under 28 U.S.C. § 1292(b). *See, e.g., McCann v. Commc'ns Design Corp.*, 775 F.Supp. 1506, 1534 (D.Conn. 1991) ("[A]n order granting or denying discovery is ordinarily a non-appealable interlocutory order which is reviewable only upon final judgment or order and in the circumstances presented does not involve such a controlling question of law as to allow immediate appeal under section

13

1292(b)."). The discovery orders issued by Judge Lipp do not involve a controlling question of law.

### 2. Substantial Disagreement as to Controlling Question of Law

Even assuming the discovery orders involve a controlling question of law, Appellant cannot satisfy the second prong supporting exceptional circumstances to warrant an interlocutory appeal because Judge Lipp's orders granting motions to compel did not reach questions about which there is substantial disagreement as to the controlling law. District courts do not deem the second prong satisfied whenever parties "disagree as to a Bankruptcy Court's interlocutory order, but rather only where substantial ground for disagreement exists as to the controlling issues of law that informed the order." *In re Air Cargo, Inc.*, No. CCB-08-587, 2008 WL 2415039 (D.Md. June 11, 2008).

As Appellee observes, Ms. Pawlak "believes that bound up in the Bankruptcy Court's interlocutory orders are definitive rulings on larger questions of law. . . . Specifically, Plaintiff [asserts] that underlying the Bankruptcy Court's order compelling her to provide discovery is in fact a determination about the relevant timeframe for when the 'undue hardship' showing must be evaluated." (ECF No. 6-1, at 10). Nowhere in Judge Lipp's two discovery orders – the second one of which was issued after Ms. Pawlak failed to produce the required documents

14

pursuant to the first order – does she issue a ruling regarding the appropriate temporal scope for purposes of determining "undue hardship." As Appellee points out, Ms. Pawlak "misconstrues the Bankruptcy Court's orders compelling discovery with a dispositive ruling on the merits." (ECF No. 16, at 4). The scope of permissible discovery, however, is not outcome-determinative on the temporal scope for assessing "undue hardship." There does not appear to be substantial ground for a difference of opinion on a bankruptcy judge's discretion in ordering discovery in an adversary proceeding involving dischargeability of a student loan. (ECF No. 1-17). Accordingly, Appellant also has not demonstrated that the second element under *KPMG*, 250 B.R. 74, warrants review of an interlocutory order.

### 3. Immediate Appeal Materially Advancing the Termination of the Litigation

Finally, Appellee argues that allowing Ms. Pawlak to appeal Judge Lipp's discovery orders would needlessly delay the proceedings rather than advance their termination. (ECF No. 6-1, at 13). In her opposition to the motion to dismiss, Appellant does not rebut this argument. In any event, as Appellee points out, any appeal focused on the scope of discovery will almost certainly prolong both the discovery period and the resolution of the adversary proceeding. The

Fourth Circuit has discussed how allowing review of interlocutory orders resolving discovery disputes "would only disrupt and delay district court proceedings and clog the court of appeals." *MDK, Inc.*, 27 F.3d at 119. This rationale applies in denying review of interlocutory orders resolving discovery disputes in bankruptcy court.

Appellant has not met her burden of demonstrating exceptional circumstances warranting an immediate appeal from an interlocutory order and her appeal will be dismissed.

### C.  Appellant's Surreply

Appellant also moves for leave to file a surreply and includes a proposed surreply.  Local Rule 105.2.a states: "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."  The court may permit a surreply when a party would not otherwise have an opportunity to respond to arguments raised for the first time in the opposing party's reply.  *See Khoury v. Meserve*, 268 F.Supp.2d 600, 650 (D.Md. 2003).  Appellee did not raise any new issues or legal arguments in the reply brief to which Appellant needs to respond in her surreply.  Instead, in her surreply, Appellant seeks merely to contest Appellee's arguments regarding the lack of exceptional circumstances to justify granting leave to appeal, which she has already done in the opposition.  Therefore, the motion for leave to file a surreply will be denied.

**III. Conclusion**

For the foregoing reasons, Appellee's motion to dismiss will be granted. Appellant's motion for leave to file a surreply will be denied. A separate order will follow.

```
        _____/s/_____
        DEBORAH K. CHASANOW
        United States District Judge
```