IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: ELIZABETH JULIA PAWLAK       :
_____
                                    :
ELIZABETH JULIA PAWLAK
        Appellant                   :

   v.                               :   Civil Action No. DKC 14-2326

                                    :
UNITED STATES DEPARTMENT OF
EDUCATION                           :
        Appellee
                                    :

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for resolution in this bankruptcy appeal is a motion for rehearing filed by Appellant Elizabeth J. Pawlak ("Ms. Pawlak" or "Appellant") (ECF No. 21). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. *See* Fed.R.Bankr.P. 8012; Local Rule 105.6. For the reasons that follow, the motion will be denied.

**I. Background**

The facts and procedural history in this bankruptcy appeal have been explained in a prior opinion and need not be repeated. (*See* ECF No. 18). This case involves an appeal from two orders of the bankruptcy court concerning a discovery dispute in an adversary proceeding regarding dischargeability of a student loan. On October 16, 2014, the court issued a memorandum

opinion and order construing Appellant's timely-filed notice of appeal from discovery-related orders entered by United States Bankruptcy Judge Wendelin I. Lipp as a motion for leave to file an interlocutory appeal, and denying the motion.  (ECF Nos. 18 & 19).  Appellant filed a motion for rehearing on October 30, 2014, which she supplemented on October 31, 2014.  (ECF Nos. 20 & 21).  Appellee opposed the motion (ECF No. 22), and Appellant replied (ECF No. 23).

**II.  Standard of Review**

The United States District Court for the District of South Carolina identified the appropriate standard in considering a motion for rehearing in *Baurnhaft v. McGuffin*, C/A No. 4:06-CV-3617-RBH, 2007 WL 3119611, at *1 (D.S.C. Oct. 22, 2007):

> Fed.R.Bankr.P. 8015 provides that "a motion for rehearing may be filed within 1[4] days after entry of the judgment of the district court . . ."  "The purpose of Rule 8015 is to provide recourse to a party . . . after a district court . . . has overlooked or misapprehended some point of law or fact."  10 Collier on Bankr.P. 8015.01 (15th ed.rev. 2004).  Although Rule 8015 does not specify the standard for ruling on a petition for rehearing, it appears that most courts have looked by analogy to Fed.R.App.P. 40. . . . Appellate Rule 40 provides that petitions for rehearing must include points which the court allegedly overlooked or misapprehended.  Petitions for rehearing should not simply reargue the plaintiff's case or assert new grounds.  *See Sierra Club v. Hodel*, 848 F.2d 1068, 1100-01 (10th Cir. 1988).

At base, motions for rehearing are "designed to ensure that the appellate court properly considered all relevant information in rendering its decision."  *In re Zegeye*, Civ. No. DKC 04-1387, 2005 WL 544763, at *1 (D.Md. Mar. 4, 2005).

**III. Analysis**

Appellant believes that the court "misapprehended the standard set forth in 28 U.S.C. § 1292(b), in order to determine whether to grant leave to hear a bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(3)."  (ECF No. 21, at 3).  As explained in the prior opinion, leave to file an interlocutory appeal should be granted only when: 1) the order involves a controlling question of law, 2) as to which there is substantial ground for a difference of opinion, *and* 3) immediate appeal would materially advance the termination of the litigation.  *See KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D.Va. 2000).  Although Appellant insists that "[t]his is not the test the Court used here," this was precisely the standard the court applied in determining whether to grant Ms. Pawlak's motion.  The opinion explained:

> The Fourth Circuit has previously stated that the rule against review of interlocutory orders applies with particular force in the discovery context, as allowing immediate appeal of orders resolving discovery disputes would only disrupt court proceedings and clog the appellate courts with matters more properly managed by the court familiar with the parties and their

3

> controversy. *See MDK, Inc. v. Mike's Train House, Inc.*, 27 F.3d 116, 119 (4th Cir. 1994); *see generally Murphy v. Inmate Systems*, 112 F.App'x 882, 883 (4th Cir. 2004) (dismissing for lack of jurisdiction an appeal of the district court's denial of a discovery motion). Other district courts have also held that an order granting or denying discovery is ordinarily a non-appealable interlocutory order under 28 U.S.C. § 1292(b). *See, e.g., McCann v. Commc'ns Design Corp.*, 775 F.Supp. 1506, 1534 (D.Conn. 1991) ("[A]n order granting or denying discovery is ordinarily a non-appealable interlocutory order which is reviewable only upon final judgment or order and in the circumstances presented does not involve such a controlling question of law as to allow immediate appeal under section 1292(b)."). The discovery orders issued by Judge Lipp do not involve a controlling question of law.

(ECF No. 18, at 13-14). The court determined that Appellant did not satisfy *any* of the three factors above. Ms. Pawlak largely attempts to reargue the points raised in her appeal, which the court considered and rejected. Appellant's disagreement with the court's application of the relevant standard does not provide a basis for rehearing.

Based on the foregoing, it is this 1st day of April, 2015, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion of Appellant Elizabeth Pawlak for rehearing (ECF No. 21) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit copies of the foregoing Memorandum Opinion and this Order to counsel for Appellee and directly to Appellant Elizabeth J. Pawlak.

```
        _____/s/_____
        DEBORAH K. CHASANOW
        United States District Judge
```